UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAION HILL                                                CIVIL ACTION

VERSUS                                                    NO. 15-6367

SOCIAL SECURITY                                           SECTION "R" (1)
ADMINISTRATION

## ORDER AND REASONS

Raion Hill seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Having reviewed the complaint,[1] the parties' motions,[2] the applicable law, the Magistrate Judge's Report and Recommendation,[3] and the plaintiff's objections to the Magistrate Judge's Report and Recommendation,[4] the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion with the following additional analysis. Thus, it is ordered that plaintiff's complaint be DISMISSED WITH PREJUDICE.

---

[1] R. Doc. 1.
[2] R. Doc. 15; R. Doc. 19.
[3] R. Doc. 20.
[4] R. Doc. 23.

## I.     LEGAL STANDARD

The function of this Court on judicial review under 42 U.S.C. § 405(g) is limited to determining whether there is substantial evidence in the record to support the Commissioner's final decision, and whether the Commissioner applied the appropriate legal standards in reaching the decision. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is more than a scintilla, less than a preponderance, and such that a reasonable mind might accept a conclusion based thereon. *See Spellman*, 1 F.3d at 360. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *See Martinez*, 64 F.3d at 173; *Spellman*, 1 F.3d at 360. Conflicts in evidence are for the Commissioner to resolve, not the courts. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

## II.   DISCUSSION

The Magistrate Judge provided a detailed summary of the facts of this case.[5] In short, Hill is an actor and former professional football player. Hill originally asserted a disability onset date of October 1, 2012. He has since requested that his onset date be amended to January 1, 2014.

The Administrative Law Judge (ALJ) denied Hill's claim based on a finding that Hill engaged in Significant Gainful Activity (SGA) after his alleged onset date. The ALJ based this finding on Hill's earning record, which "reveals that [Hill] worked and earned at SGA levels in the fourth quarter of 2012, throughout 2013, and at least throughout half of 2014."[6] It is undisputed that Hill's 2014 income would, if earned for work performed in 2014, constitute SGA and therefore support a finding that Hill is not disabled.

Hill argues, however, that the bulk of his 2014 income was not actually earned in 2014. Rather, Hill asserts that as an actor he is paid residuals when works he performed in are screened or showed. He asserts that the vast majority of his 2014 income was in the form of residuals for earlier acting work, and that this residual income should not be considered when

---

5    R. Doc. 20 at 2-5.
6    R. Doc. 13-2 at 21.

calculating Hill's 2014 level of gainful activity. In support of this argument, Hill points to a letter from CPA Richard Mueller, which states that Hill earned only $7,174 in non-residual income in 2014.[7]

In her Report & Recommendation, the Magistrate Judge rejected Hill's argument, and found that there is substantial evidence to support the ALJ's finding that Hill engaged in SGA from January 1, 2014 through the date of the ALJ's decision. Hill objects to the R & R on two grounds. First, Hill contends that the Magistrate Judge erroneously calculated Hill's residual payments for the first half of 2014. Second, Hill disputes the Magistrate Judge's conclusion that the Mueller letter does not constitute new and material evidence justifying remand to the ALJ.

Both objections fail for the same reason. Hill bears the burden of showing that he is not engaged in SGA. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Even taking the Mueller letter at face value, Hill cannot meet his burden. As explained by the Magistrate Judge, Hills' assertion, based on the Mueller letter, that he earned only $7,174 for work performed in 2014 does not suffice. The Court may not simply assume that he earned that money by working consistently over the entire year. If, as suggested by Hill's testimony, he earned $7,174 for working part of the year, then it is very likely

---

[7] R. Doc. 13-6 at 73.

that he engaged in SGA for the periods he actually worked. *See Titles II & XVI: Averaging of Earnings in Determining Whether Work Is Substantial Gainful Activity*, SSR 83-35 (S.S.A. 1983).

The Court notes that Hill's evidentiary burden here is far from overwhelming. The question that confronted the ALJ, the Appeals Council, the Magistrate Judge, and now confronts this Court is a simple one: how much money did Hill earn from work performed in 2014, and when did he earn it? Rather than provide any direct evidence answering this question—such as tax documents or an affidavit—Hill has continuously tried to rely on indirect evidence. Rather than say I made $X from work performed on date Y, Hill asks the Court to derive the relevant numbers by subtracting his residual income from his claimed total income. This, for the reasons described above, is insufficient.

Accordingly, the Court overrules Hill's objection. The Mueller letter is not material evidence because there is no "reasonable possibility that it would have changed the outcome of the Secretary's determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Hill's objection concerning the Magistrate Judge's residual figures is unavailing for the same reason.


## III.  CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __9th__ day of March, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE